12-3858
Rhodes v. Advanced Prop. Mgmt.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand thirteen.

PRESENT:
> Rosemary S. Pooler**,**
> Gerard E. Lynch,
> Raymond J. Lohier Jr. ,
> > *Circuit Judges.*

---

Eva M. Rhodes,

*Plaintiff-Appellant*,

v.                                                    12-3858

Churchill Bridge Ass'n Inc., Advanced Property Management Inc.,

*Defendants-Appellees*.

---

**FOR PLAINTIFF-APPELLANT:**          Eva M. Rhodes, *pro se*, Newington, CT.

**FOR DEFENDANTS-APPELLEES:**          John B. Farley, Halloran & Sage LLP, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Eva M. Rhodes, *pro se*, appeals from the district court's judgment, entered September 6, 2012, granting summary judgment to the defendants and dismissing her complaint alleging violations of the Fair Housing Act, 28 U.S.C. § 3604; the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p; 42 U.S.C. § 1981; and 42 U.S.C. § 1982. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we lack jurisdiction to consider the district court's denial of Rhodes's motion for reconsideration, because Rhodes did not file a notice of appeal from that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) . . . must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule.").

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Upon such review, we conclude that Rhodes's appeal is without merit for the reasons articulated by the district court in its thorough ruling on summary judgment. We note in particular that Rhodes fails to provide sufficient admissible evidence to permit a jury to find disparate treatment on the basis of race.

2

Rhodes contends the district court overlooked evidence that two similarly situated white owners received preferential treatment in connection with repairs occasioned by the sewage back up at the heart of her grievance. However, Rhodes did not request the drywall replacement received by one of the white owners and thus was not similarly situated, and there was no admissible evidence the other was treated differently than Rhodes.

We have considered all of Rhodes's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk